**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**THEOLA BRANTLEY**                                                                    **PLAINTIFF**


**VERSUS**                                           **CIVIL ACTION NO. 2:06cv131KS-MTP**


**FRED'S STORES OF MISSISSIPPI, INC.**                                          **DEFENDANT**


**<u>MEMORANDUM OPINION AND ORDER</u>**

This matte is before the court on Motion for Summary Judgment **[# 11]** filed on

behalf of the defendant.  The court, having reviewed the motion, the response, the

pleadings and exhibits on file, and being otherwise fully advised in the premises finds

that the motion is well taken and should be granted.  The court specifically finds as

follows:

On or about November 15, 2002, the plaintiff was a customer in the Fred's Store

in Hattiesburg, Mississippi, when she allegedly slipped and fell.  The Complaint does

not detail where or how the fall occurred nor has the plaintiff filed any disclosures or

responded to any discovery to flesh out her claims.  She has not presented any

evidence as to what acts or failures to act on the part of the defendant caused or

contributed to her alleged injuries nor has she provided any details as to her alleged

injuries.

The plaintiff filed the present action in the Circuit Court of Forrest County,

Mississippi on November 14, 2005, one day before the statute of limitations expired,

seeking $100,000 in compensatory damages.  The defendant timely removed the case here on the basis of diversity of citizenship.  The defendant propounded discovery requesting the plaintiff to produce all evidence supporting her allegations.  However, as stated, the plaintiff has wholly failed to respond to the discovery requests and further has filed none of the court-required disclosures to support her claims.  The defendant has now moved for summary judgment, to which the plaintiff filed a perfunctory response with no supporting memoranda of law.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.

2

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

4

## PREMISES LIABILITY IN MISSISSIPPI

To prevail in the plaintiff's negligence claim, she must prove by a preponderance of the evidence the following elements:

1. A duty owed by the defendants to the plaintiff;
2. A breach of that duty;
3. Damages; and
4. A causal connection between the breach and the damages, such that the breach is the proximate cause of the damages.

*Grisham v. John Q. Long V.F.W. Post*, 519 So. 2d 413, 416 (Miss. 1988).

The defendant's motion has challenged the plaintiff's negligence claim generally and the plaintiff's ability to prove a breach of duty by the defendant, specifically. The court notes that in order for the plaintiff to prevail against the defendant's challenge by the defendant's Motion for Summary Judgment, she must make a showing sufficient to establish the existence of the defendant's breach of duty on which she will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. at 322.

Because this court has original jurisdiction of this civil action via complete diversity of citizenship of the parties under 28 U.S.C §1332(a)(1), Mississippi law controls substantive issues. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80, 58 S.Ct. 817, 82 L.Ed. 1188 (1934); *Huss v. Gayden*, 465 F.3d 201, 205-06 (5th Cir. 2006). Under Mississippi law an owner, occupant or person in charge of a premises owes a business invitee the duty to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care. *Waller v. Dixieland*

5

*Food Stores, Inc.*, 492 So. 2d 283 (Miss. 1986).  Further, when a dangerous condition

on the business premises is caused by the owner's or occupier's own negligence, no

knowledge of its existence need be shown.  However, when a dangerous condition on

the business premises is caused by third persons unconnected with the store, the

burden is upon the non-moving party to show the owner or occupier had actual or

constructive knowledge of the condition.  *Jerry Lee's Grocery, Inc. v. Thompson*, 528

So. 2d 293 (Miss. 1988)(*citing Waller*, *supra*).

Constructive knowledge is established by proof that the condition existed for

such a length of time that, in the exercise of reasonable care, the owner or occupier

should have known of it.  *Douglas v. Great Atlantic and Pacific Tea Company*, 405 So.

2d 107,120 (Miss. 1981); *Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes*, 247

Miss. 575,584, 156 So. 2d 734,736 (1963).  Regarding the passage of time and

constructive notice, the Mississippi Supreme Court has stated:

> It does not follow that because the store opened at 8:00, that at precisely
> that time some person threw a dark object on the floor.  It is just as logical
> to assume that the object was thrown there two or three minutes before
> she stepped on it, and such presumption is not sufficient to sustain a
> recovery on the theory that the object had been placed there or remained
> there for a sufficient length of time so that appellee, by the exercise of
> reasonable care, should have known of the dangerous commission and
> removed the object from the floor.

*Aultman v. Delchamps*, 202 So.2d 922, 924 (Miss. 1967); *See also Waller v. Dixieland*

*Food Stores, Inc.*, 492 So.2d at 296.  Thus a mere lapse of time between when the

floor around the injury site was surveyed for hazards and when the plaintiff  fell is

insufficient, in and of itself, to prove constructive notice.  *See, Mergendahl v. C.J.*

*Gayfer and Company, Inc.*, 659 F.Supp. 351 (S.D. Miss. 1987).

6

Further, "[t]he fact that the Plaintiff suffered injuries as a result of a slip-fall on the Defendant's premises is not decisive to the issue of whether the Defendant committed a negligent act.  The premises' owner is not considered the insurer of the safety of its invitees." *Dickens v. Wal-Mart Stores, Inc.*, 841 F.Supp. 768, 770 (S.D.Miss.1994) (quoting *Kroger, Inc. v. Ware*, 512 So.2d 1281, 1282 (Miss.1987)).

## **CONCLUSION**

In the present case, the plaintiff has failed to present any proof to support her claims of negligence against the defendant.  She has failed "by affidavit or otherwise," to "set forth specific facts showing that there is a genuine issue for trial."  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.  The defendant is thus entitled to summary judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[# 11]** filed on behalf of the defendant is Granted and the plaintiff's Complaint is dismissed with prejudice and that all other motions are denied as moot.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 3rd day of December, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE